IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KELVIN MAYFIELD,

    Plaintiff,

v.                                                          JURY TRIAL DEMANDED

FIBERVISIONS, INC.,

    Defendant.

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, KELVIN MAYFIELD ("Plaintiff"), by and through his undersigned counsel, and files this Complaint for Damages against FIBERVISIONS, INC., ("Defendant"), and shows the Court as follows:

## I.        NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages and reasonable attorney fees for Defendant's violation of his rights under the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* ("FMLA"), Title VII of the Civil Rights Act of 1964 (race), and the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981").

## II.       ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed his charge of discrimination against Defendant with the EEOC on March 24, 2022; the EEOC issued its Notice of Right to Sue on October 25, 2022.

3.

Plaintiff timely filed this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## III.       JURISDICTION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b)

5.

Defendant does business within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

## IV.      <u>PARTIES</u>

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the FMLA, Title VII, and ADA.

7.

Plaintiff is an African American male citizen of the United States of America and is subject to the jurisdiction of this Court.

8.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

9.

Defendant is now and, at all times relevant hereto, has been a domestic for-profit corporation engaged in an industry affecting commerce.  During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII.  Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

10.

Defendant may be served with process at its regional corporate office at the following addresses: 3700 Crestwood Pkwy, Suite 900 Duluth, GA 30096.

## FACTUAL ALLEGATIONS

11.

Plaintiff began working at Defendant on or around October 20, 2020, as a Machine Operator.

12.

Plaintiff suffers from Type I Diabetes which is a disability under the ADA. Plaintiff put Defendant on notice of his disability shortly after he began working at Defendant.

13.

As a result of his disability, Plaintiff has episodes of low blood sugar which requires him to check his blood sugar levels.

14.

On or around November 24, 2021, Plaintiff informed his supervisor, Michael aka "Bulldog" that he was experiencing a diabetic episode and needed a few minutes to gather himself.

15.

Plaintiff's supervisor denied his request and told him to go back to work.

16.

A few minutes later, Plaintiff fainted and the paramedics came to Defendant.

17.

One of the paramedics told him that his blood sugar was dangerously low and he needed food.

18.

The paramedic then asked Plaintiff why he had not eaten. Plaintiff informed the paramedic that he had asked his supervisor for a break, but his supervisor denied authorization for him to take a break.

19.

On or around January 30, 2022, Plaintiff experienced another diabetic episode.

20.

This time after the paramedics arrived, Defendant sent him home. The next day, his doctor sent a letter to Defendant explaining that Plaintiff could person the duties of his position but needed 15 minutes or so during the day to check his blood sugar and get food if need be.

21.

That same day of Plaintiff's accommodation request, Defendant terminated Plaintiff's employment.

22.

Prior to Plaintiff's termination he had never had low performance reviews, nor had he been placed on a performance improvement plan and never received a reprimand.

23.

Plaintiff is able to identify two similarly situated Caucasians employed at Defendant during the relevant time period, with the same disability, who were treated more favorably than Plaintiff.

## V.        CLAIMS FOR RELIEF

## COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII

24.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

25.

Defendant's actions in subjecting Plaintiff to ongoing race discrimination constitute unlawful discrimination on basis of Plaintiff's race in violation of Title VII.

6

26.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

27.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect his status as an employee because of his race.

28.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

29.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

30.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination against Plaintiff under the Act.

## COUNT II:  RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

31.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

32.

Defendant subjected Plaintiff to discrimination on the basis of his race.

33.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. Section 1981.

34.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

35.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

36.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

37.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

38.

Defendant chose not to take appropriate remedial steps to prevent or correct the discrimination.

39.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation against Plaintiff under the Act.

40.

As a direct, natural, proximate and foreseeable result of Defendant's retaliation, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

41.

Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to federal law.

42.

Plaintiff, having been discriminated against by Defendant, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

**CLAIMS FOR RELIEF**
**COUNT III (FMLA INTERFERENCE)**
**VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT**

43.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

44.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

45.

Plaintiff was an eligible employee under the FMLA.

46.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

47.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

## COUNT IV - VIOLATION OF AMERICANS WITH DISABILITIES ACT (DISABILITY DISCRIMINATION)

48.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

49.

Defendant is and, at all times relevant, has been an "employer" as defined by the ADA.

50.

Plaintiff was, at all relevant times, an individual with a disability as defined under the ADA.

51.

Plaintiff was, at all relevant times, "qualified" to perform his job with Defendant.

52.

Defendant knew, at all relevant times, that Plaintiff has a disability and a record of a disability as defined by the ADA.

53.

Defendant perceived Plaintiff, at all relevant times, as a person with a disability.

54.

Defendant knew Plaintiff needed an accommodation for his disability as Plaintiff requested a reasonable accommodation to his supervisor.

55.

Nevertheless, Defendants discriminated against Plaintiff due to his disability, actual or perceived, and his record of disability.

56.

Defendant refused to engage in good faith dialogue or an interactive process to accommodate Plaintiff as required under the ADA.

57.

Defendant failed to allow Plaintiff to exercise his rights under the ADA.

58.

Defendant terminated Plaintiff because of his disability, actual or perceived, and/or his record of disability.

59.

Defendant would not have taken these actions if Plaintiff had not had a disability.

60.

Defendant's actions violate the ADA.

61.

As a result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages, non-monetary damages, and attorneys' fees.

## COUNT V – ADA (DISABILITY RETALIATION)

62.

Plaintiff incorporates by reference the preceding paragraphs.

63.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the ADA, entitling Plaintiff to all appropriate relief under the statute.

64.

Defendant terminated Plaintiff because of his request for medically necessary accommodation to treat his disability.

65.

Any reason given for Plaintiff's termination is pretext for unlawful disability discrimination and/or retaliation.

66.

Defendant terminated Plaintiff in retaliation of his exercise of rights protected by the ADA. In doing so, Defendants violated the ADA.

67.

As a result of his termination, Plaintiff has suffered lost wages and other damages for which she is entitled to recover.

68.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

69.

Plaintiff suffered discrimination because of his disability when Defendants terminated her employment.

70.

Plaintiff was treated less favorably than other similarly situated employees due to her disability.

71.

Defendant took an adverse employment action against Plaintiff because of his disability.

72.

Defendant's discriminatory acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

73.

As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation.

74.

Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

75.

Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 29 U.S.C. § 621 *et seq.*

**WHEREFORE**, Plaintiff judgment as follows:

(a)　　　　General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)　　　　Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c)　　　　Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)　　　　Reasonable attorney's fees and expenses of litigation;

(e)　　　　Trial by jury as to all issues;

(f)　　　　Prejudgment interest at the rate allowed by law;

(g)　　　　Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)　　　　Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant, from further unlawful conduct of the type described herein; and

(i)　　　　All other relief to which he may be entitled.

Respectfully submitted the 25th day of October, 2022.

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:    (404) 965-1682
Email: *jstephens@forthepeople.com*